JASON SAVAGE, by and through his Guardian ad Litem,
JOHN SAVAGE, Appellee,
v.
AMERICAN SAMOA GOVERNMENT and FEDERAL
AVIATION ADMINISTRATION, Appellants.

High Court of American Samoa
Appellate Division

AP No. 17-83

May 21, 1984

Before MURPHY, Associate Justice, Presiding, KING,* Acting Associate Justice, HEEN,** Acting Associate Justice, OLO and APE, Associate Judges.

Counsel: For the appellee, Watson & Reardon by William Reardon
For the appellant, Andrea Smith, Assistant Attorney General

INTRODUCTION

This action is brought under Title 43, Chapter 12, American Samoa Code Annotated, Government Tort Liability. Plaintiff's guardian ad litem filed a claim for injuries sustained by his minor son for dog bite. The attorney general rejected his claim and a lawsuit was filed. After judgment for plaintiff this appeal followed.

## STATEMENT OF FACTS

The facts were pretty much undisputed. There is ample evidence in the record to support the following:

The five-year-old victim is the son of a government (ASG) employee. The family lives in government owned and assigned quarters in the village of Tafuna. While playing outside his house the child was attacked and bitten by a dog. The dog was a stray; that is, no one claimed ownership of him. Tafuna is infested with large numbers of stray dogs. This particular dog had previously seriously injured another child, a fact that was reported to the Government. Over 200 dog bite cases a year are treated at the Medical Center.

The trial court held the Government liable and fixed damages at $10,000.

## DISCUSSION

The trial court held that the government could be liable under either (or both) of 2 theories: government or proprietary capacity.

The court held that notwithstanding the doctrine of sovereign immunity the government was liable in its governmental capacity. This is so because the government had knowledge of an inherently dangerous condition (i.e., one out of every 150 residents was being treated every year for dog bite). The failure of the government to act constituted a failure at the operational level, rather than at the executive or administrative level. In other words, when a condition of such obvious danger exists, the government must act, or be liable.

The trial court found that rara avis, a case squarely on point. Hansen v. City of St. Paul (Minn. 1974) 214 N.W.2d 346. In that case the city knew (or should have known) of two vicious dogs prowling a certain area, since it had seven bite reports. The Minnesota Supreme Court held that the city's failure to maintain its streets and sidewalks free from the inherently dangerous condition was an operational failure, rather than a discretionary function.

In its brief the government admits that packs of stray dogs exist and are an inherently dangerous condition. It argues, however, that since the dog in this case was identifiable by name and "hung out" in the neighborhood it was not a member of the pack. It was further identifiable since it had previously bitten another child, a fact reported to the government.

The government cannot escape liability simply because this particular dog was known. The trial court had ample evidence before it to make the findings and reach the conclusions it did. When an inherently dangerous condition exists the failure to attempt to alleviate the condition is an operational rather than a discretionary function. Furthermore, the Government of American Samoa, in addition to being a territorial sovereign, is also a municipal government. District governors are appointed by the governor. A.S.C.A. sec. 5.0103. Pulenu'us are also appointed and paid by the executive. A.S.C.A. sec. 5.0301. Hence the municipal administration of the villages is in fact carried out by the territorial executive.

The trial court also found the government liable in its proprietary capacity. Simply stated, the government was plaintiff's landlord. It assigned him a place to live. It owed him a duty to assign a safe place. Appellant has not addressed this issue in its brief. Apparently it cannot find fault with the trial court's reasoning. Neither can we.

Finally appellant contends the $10,000 award was excessive. Unless we find the trial court abused its discretion and acted arbitrarily and capriciously we should affirm. It didn't; we do.

7

## DECISION

It is ordered that the judgment be and is hereby affirmed.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.